**UNITED STATES of America,**

v.

**Richard LIPSKY, Defendant.**

**11 Cr. 300 (JSR)**

United States District Court, S.D. New York.

Signed December 20, 2016

Michael Scott Bosworth, Thomas McKay, U.S. Attorney's Office, Glen Garrett McGorty, New York, NY, for Plaintiff.

Gerald B. Lefcourt, Faith Alison Friedman, Gerald B. Lefcourt, P.C., New York, NY, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

On January 4, 2012, Richard Lipsky pleaded guilty before this Court to bribery and conspiracy to commit bribery. As a result of those convictions, the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") prohibits Lipsky from working in certain capacities for any labor union until February 25, 2026. Lipsky now moves, pursuant to § 504 (a) of the LMRDA, for an exemption from that prohibition so that he may be employed by a labor union as a consultant advising on criminal justice reforms. While the Department of Justice does not object to Lipsky's receiving the exemption, the Department of Labor has submitted a brief in opposition to the motion. The Court now grants the motion because, as explained in more detail below, Lipsky has demonstrated his rehabilitation and because his employment would not conflict with the purposes of the LMRDA.

In 1981, Lipsky formed a public policy and public relations consulting firm, Richard Lipsky Associates, which sought to influence public policy at the legislative level on behalf of its clients, many of which were small businesses. Lipsky Decl. ¶ 7, ECF No. 285. To that end, Lipsky worked to mobilize public opinion in his clients' favor, and he also spent time pleading his clients' positions with local and state officials. Lipsky Decl. ¶ 8.

But Lipsky also engaged in bribery. Specifically, from 2007 to 2011, Lipsky

paid more than $120,000 in disguised compensation to State Senator Carl Kruger, in the form of referral fees and payments for services that were never performed, in exchange for Kruger taking official actions on behalf of Lipsky's clients. Lipsky Decl. Ex. H, at 3. Lipsky was arrested in 2011 and promptly began cooperating with the Government. Pursuant to his cooperation agreement, Lipsky pleaded guilty to one count of conspiracy to commit bribery and one count of bribery, in violation of 18 U.S.C. § 1952(a)(3) and 371. At Lipsky's sentencing on October 10, 2012, the Government moved for a sentence pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the Sentencing Guidelines. In view of his substantial cooperation, the Court sentenced Lipsky to three months' imprisonment and two years of supervised release.

Following his release on February 24, 2013, Lipsky completed his term of supervised release without incident. He also began to work for the National Association of Criminal Defense Lawyers ("NACDL") on policy issues related to criminal justice reform, primarily the "Restoration of Rights" initiative, which seeks to reduce the barriers to re-entry faced by previously-incarcerated individuals. Lipsky Decl. ¶¶ 13-14. His current focus is on engaging organized labor in an effort to convince employers to hire such individuals.

Partly as a result of these efforts, Lipsky came in contact with the United Food and Commercial Workers Union ("UFCW"), which thereafter expressed interest in retaining Lipsky as a consultant. If permitted to be employed in that capacity, Lipsky plans to develop a mission statement for the UFCW regarding the Restoration of Rights initiative; engage both central staff and local union offices in the initiative; create educational and advocacy materials regarding same; and identify and reach out to potential partners, including other labor unions, in support of the initiative. Lipsky Decl. ¶¶ 19-23. Lipsky seeks an exemption so that he may be employed as a consultant to the UFCW for these purposes, as well as potentially to be involved with other unions regarding the initiative.

█ Section 504 (a) of the LMRDA bars persons convicted of certain crimes, including bribery, from serving "as a consultant or adviser to any labor organization" for a period of thirteen years after conviction or the end of the term of imprisonment, whichever is later. 29 U.S.C. § 504(a). However, it also provides a mechanism for obtaining relief from that prohibition.[1] The sentencing court may grant an exemption from the thirteen-year bar if the court determines that an individual's service in connection with the labor organization "would not be contrary to the purposes of" the statute. Id. Those purposes include ensuring that "labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs

1. The statute provides three avenues for relief: "(1) petitioning the sentencing court to reduce the duration the statute applies, (2) obtaining full restoration of citizenship rights, or (3) petitioning for an exemption based on the Court's determination that the petitioner's service in the prohibited capacities does not violate the purposes of the Act." U.S. v. Cullison, 422 F.Supp.2d 65, 69 (D.D.C. 2006). While Lipsky notes that he has received a Certificate of Relief from Disabilities from the State of New York, see Lipsky Decl. Ex. A, he does not argue that it is sufficient to justify relief under the second paragraph of § 504(a). Rather, he seeks relief through the first or third paragraph, which, because more than three years have passed since his release, provide the same standard in his case. See United States v. Peters, 938 F.Supp.2d 296, 298 (N.D.N.Y. 2013) ("The only difference between a reduction and an exemption is that an exemption does not require the passage of initial three-year period, while a reduction does.").

of their organizations," § 401(a), as well as preventing abuses by "representatives of a labor organization [who] occupy positions of trust," § 501(a).

■ In making its determination, the Court is instructed to consider policy statements of the Sentencing Guidelines. The applicable policy statement provides that:

> [R]elief shall not be given to aid rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability.

U.S.S.G. § 5J1.1 (2016). Therefore, in evaluating a motion under § 504(a), "courts must analyze whether the petitioner has been fully rehabilitated, and whether it would be contrary to the purposes of the LMRDA, considering the nature and gravity of the petitioner's crime(s), for the petitioner to hold such a position." United States v. Peters, 938 F.Supp.2d 296, 299 (N.D.N.Y. 2013).

■ The Court is satisfied with Lipsky's showing of rehabilitation. After his arrest, Lipsky promptly accepted responsibility for his offense and decided to cooperate fully with the Government. During his incarceration he incurred no disciplinary infractions. Mem. in Supp. of the Dept. of Labor's Resp. Opposing Pet'r's Request for Relief from Statutory Employment Disability ("DOL Br.") Ex. 2, at 1, ECF No. 290. Lipsky also completed supervised release without incident. His probation officer, when interviewed by the Department of Labor, expressed the belief that Lipsky was rehabilitated because he showed remorse for his offense, followed all directions, and never caused any problems during his supervision. DOL Br. Ex. 6, at 1.

Furthermore, upon his release, Lipsky undertook productive work on behalf of others. In this regard, Lipsky submits two letters attesting to his post-release contributions. One, from Ramon Murphy, the President of the Bodega Association of the United States, notes that Lipsky has worked closely with the association, on a pro bono basis, to develop an initiative that promotes healthier eating in communities within the Bronx. Lipsky Decl. Ex. D. Another, from Norman Reimer, the Executive Director of the NACDL, confirms Lipsky's involvement in the Restoration of Rights initiative and states that his work over the last three years has shown him to be an "invaluable" consultant. Lipsky Decl. Ex. E. Lipsky's spotless post-release record and his commitment to helping those who are seeking to re-enter society as productive citizens following incarceration—just as he is now doing—sufficiently demonstrate his rehabilitation.

The Department of Labor does not identify any faults in Lipsky's behavior since his release, but it nonetheless argues, in light of the fact that the bar under § 504 lasts thirteen years, that not enough time has passed to determine whether Lipsky's rehabilitation is successful. Yet neither the statute nor the applicable policy statement in the Guidelines imposes a minimum time period that must elapse before a person can obtain an exemption. Letting more time pass to become more confident of Lipsky's rehabilitation is therefore not required, and doing so here would come at an appreciable cost, as it would materially diminish the amount of time that Lipsky, who is currently 69 years old, has to engage in the work he proposes.

The Court also deems it unlikely that Lipsky will "endanger the organization in the position" he seeks. The role that Lipsky proposes is both limited and distinct from the lobbying work in connection with which he engaged in bribery. According to

a statement on behalf of Marc Perrone, the President of the UFCW, Lipsky's role as a consultant for the UFCW would consist of developing policy positions, drafting statements and articles, and forging alliances with other organizations; it would not involve meeting with politicians, negotiating contracts, or handling funds. DOL Br. Ex. 14, at 2. Lipsky has also undertaken to totally abstain from any efforts to lobby legislators in support of his cause. Def.'s Mem. in Supp. of Mot. for Exemption 12-13.

The Department of Labor also contends that Lipsky's role remains vaguely defined and could present him with the temptation to make illicit deals as he seeks to engage union members and employers in the initiative. But that purported risk is highly speculative: it boils down to the argument that Lipsky, having committed bribery once in service of his clients' aims, might again use bribery to gain support for the initiative. Given Lipsky's demonstrated rehabilitation, as well as his conscious effort to design a role in which he would not engage in the lobbying from which his offense arose, the Court is satisfied that Lipsky will not endanger the UFCW in the role he envisions.

Finally, the Court finds that granting Lipsky an exemption would not be inconsistent with the purposes of the LMRDA. The Department of Labor argues that the duration and, most importantly, the nature of Lipsky's offense make an exemption inconsistent with the statute. It asserts that eradicating bribery motivated the passage of the LMRDA, the purpose of which is in part to address instances of "breach of trust [and] corruption" in the labor and management fields. 29 U.S.C. § 401(b). However, as Lipsky and the Department of Justice each notes, while Lipsky did work on behalf of the UFCW before his conviction for bribery, Lipsky's offense had no relation to his work for any union.

The Department of Labor does not contend otherwise, but it nonetheless argues that bribery is a real concern in the field of organized labor generally and the UFCW in particular. It cites the 2012 convictions of three officials from one of the UFCW's local unions, involving extortion of businesses that employed union members and the misappropriation of the local union's funds. One can also find several other (though less serious) instances of theft and embezzlement committed by officials at local UFCW unions in recent years. Unfortunately, in a union as large as the UFCW—which counts 1.3 million members and over 1000 local offices, see About UFCW, United Food and Commercial Workers, http://www.ufcw.org/about/ (last visited Dec. 13, 2016)—it is not too surprising that some officials will abuse their positions. However, the Department of Labor has not provided reason to believe that these scattered instances of corruption at the level of local unions are likely to infect the work in which Lipsky plans to engage. Nothing in the record before the Court suggests that there is a nexus between Lipsky's proposed work for the UFCW and the bribery that Lipsky previously engaged in, let alone between that proposed work and recent incidents of corruption involving the UFCW. Thus, his employment as a consultant working on the Restoration of Rights initiative for a union such as the UFCW would not frustrate the LMRDA's aim of reducing corruption in organized labor.

For the foregoing reasons, the Court hereby grants Lipsky's motion for an exemption from the statutory bar to employment contained in 29 U.S.C. § 504(a).

SO ORDERED.